```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-14401-Civ-MOORE
                              MAGISTRATE JUDGE P.A. WHITE
MARC ANDRE FLEURIVAL,       :

      Petitioner,           :

v.                          :       REPORT RE DISMISSAL
                                       §2254 PETITION
WALTER A. McNEIL,           :       AS TIME BARRED

      Respondent.           :
_____
```

This petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed on November 23, 2009.[1] The judgment of conviction in the underlying state criminal case, No. 562005CF-001428A, entered on a jury verdict in St. Lucie County, became final at the latest on August 23, 2007, when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the petitioner's convictions on direct appeal.[2] Fleurival v. State, 956 So.2d 1197 (Fla. 4 DCA 2007)(table); (DE#13:Ex.1).

The one-year period of limitation applicable to §2254 petitions is set out in 28 U.S.C. §2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[2] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

>    custody pursuant to the judgment of a State court. The
>    limitation period shall run from the latest of -
>
>    (A)   the date on which the judgment became final by
>          the conclusion of direct review or the expiration
>          of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an
>          application created by State action in violation
>          of the Constitution or laws of the United States
>          is removed, if the applicant was prevented from
>          filing by such State action;
>
>    (C)   the date on which the constitutional right
>          asserted was initially recognized by the Supreme
>          Court, if the right has been newly recognized by
>          the Supreme Court and made retroactively
>          applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the
>          claim or claims presented could have been
>          discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

In this case, since the petitioner's conviction became final after April 24, 1996, the effective date of the foregoing provisions, he does not receive the benefit of the one-year grace period applied by Eleventh Circuit and the majority of courts to counteract any retroactivity problems with the AEDPA's enactment. Cf. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209 (11 Cir. 1998); Goodman v. United States, 151 F.3d 1335 (11 Cir. 1998).

The AEDPA's limitations period is tolled by properly-filed applications for state postconviction relief. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11

Cir. 2000)); Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. See 28 U.S.C. §2244(d)(2).

In this case, the petitioner was convicted of possession of marijuana, felon in possession of a firearm, and related offenses following a jury verdict. (DE#13:Ex.1). As previously noted, his conviction became final on August 23, 2007.

Prior to his conviction becoming final, the petitioner returned to the trial court filing his first motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, multiple claims. (DE#13:Ex.3). After the state's response thereto, the trial court entered a detailed order on July 11, 2008, dismissing the motion because the claims were facially insufficient, and because the motion did not otherwise meet the requirements of Fla.R.Cr.P. 3.850(c). (DE#13:Ex.3). In so doing, the trial court, however, dismissed the motion without prejudice to the petitioner to amend and/or refile a sufficiently pled Rule 3.850 motion within thirty days from the date of the order. (Id.). The certificate of service on the order reveals, however, that the order was not mailed to the petitioner until August 12, 2008. (Id.). Consequently, at the latest, the amended petition was due to be filed with the state court no later than September 12, 2008.

Rather than curing the defects by refiling a corrected motion, properly executed, and containing the appropriate oath, the federal limitations period ran unchecked from September 12, 2008 until December 17, 2008, when the petitioner filed a subsequent, unsigned and unsworn Rule 3.850 motion. (DE#13:Ex.3). On January 23, 2009,

the trial court entered an order dismissing the Rule 3.850 motion with prejudice on the finding that the motion was facially insufficient because it did not include a signed oath and was untimely filed, more than thirty days after the opportunity to amend was granted. (DE#13:Ex.3). On July 15, 2009, the dismissal of the motion was summarily affirmed on appeal, without opinion, and without requiring a response from the state. Fleurival v. State, 14 So.3d 1015 (Fla. 4 DCA 2009)(table); (DE#13:Exs.3-4). Rehearing was denied, and the mandate issued on September 25, 2009. (DE#13:Ex.4).

The federal limitations period again ran unchecked from September 25, 2009 until November 23, 2009, when the petitioner came to this court, instituting this federal habeas corpus proceeding.(DE#1).

An order was entered requiring the petitioner to state whether one or more of the four factors listed above justifies consideration of this petition for writ of habeas corpus. The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. (DE#4). The petitioner filed a reply (DE#8) to this court's order maintaining that his federal petition was filed within one year of the conclusion of his state postconviction collateral proceedings. This argument, however, is not entirely correct, as discussed *infra*.

The respondent, argues correctly that the period during which the petitioner's Rule 3.850 motions were pending do not act to toll the federal limitations period so that over one year of untolled time elapsed from the time the petitioner's conviction became final and the filing of this federal habeas proceeding. As correctly found in the state forum, the Rule 3.850 motions were facially

4

insufficient, in part, because they were either unsworn and did not contain the proper oath, and/or were otherwise not in conformity with the Florida rules governing the content and filing of the document. See Artuz v. Bennett, 531 U.S. 4 (2000). Indeed, the Eleventh Circuit has specifically found that the filing of an unsworn post-conviction motion does not toll the running of the statute of limitations because it "is not properly filed according to the state court's application of the written oath requirement...." Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000). In Hurley, the petitioner, did not immediately correct the oath omission but instead sought rehearing and then appealed the court's ruling before eventually filing a properly sworn post-conviction relief motion some months later. Id. at 1297.

Since Hurley, the Florida Supreme Court has held that when a lower court strikes a motion for post-conviction relief because it fails to comply with statutory filing requirements, it must also grant the petitioner a reasonable amount of time to amend to correct the deficiencies, and that an amended motion which is a "copy of the original with the oath added at the end" relates back to the original filing. Bryant v. State, 901 So.2d 810, 818-19 (Fla. 2005).[3] A reasonable amount of time is normally between ten and thirty days. Id. at 819; see also, Spera v. State, 971 So.2d 754 (Fla. 2007); Prevost v. State, 972 So.2d 274 (Fla. 1 DCA 2008)(holding that Spera allows the petitioner the opportunity to cure the deficiency within thirty days).

---

[3] In Bryant, the Florida Supreme Court further found that an amended motion which is a "copy of the original with the oath added at the end" relates back to the original filing. Bryant v. State, 901 So.2d at 818, 819. In this case, however, the amended/correction second Rule 3.850 is not a copy of the original. In fact, it is longer, raises additional claims, and expands upon its prior factual and legal arguments. Thus, even under Florida law, the amended motion would not relate back to the timely filed original motion.

In this case, the petitioner's delay in the state forum was not reasonable. Rather than cure the defect as instructed, the petitioner filed a second, deficient unsworn Rule 3.850 motion, beyond the 30-day time period provided by the court. Under these circumstances, it does not appear that any of the petitioner's Rule 3.850 motions acted to toll the federal limitations period. Thus, there was over two years of untolled time during which no state collateral motions were pending which would toll the limitations period. This federal petition is untimely.

In any event, for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." (emphasis added) Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(quotation marks and citation omitted). The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008), rev'd and remanded on other grounds, ___ U.S. ___, 130 S.Ct. 2549 (2010). Review of the record in this case indicates that the petitioner has not pursued the process with diligence and alacrity and has, therefore, not sustained his burden of proving that this case warrants equitable tolling. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

The record also does not indicate that the petitioner was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus. His status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

The movant also appears to argue that the law library at the facility where he was confined was inadequate. The movant, however, has not alleged a total denial of access to a law library, or an absolute deprivation of access to all legal materials. Even if this Court were to accept the petitioner's contention that the law libraries where he was been confined in the federal system were inadequate because they lacked certain needed state and/or federal court materials, such a fact clearly did not prevent the petitioner from pursuing state postconviction relief. The petitioner has in no way demonstrated that he was actually impeded by any unconstitutional state action in timely filing this federal petition for writ of habeas corpus. Bare allegations of denial of access to a law library are not sufficient, standing alone, to entitle a petitioner to equitable tolling. See, e.g., Miller v. Marr, 141 F.3d 976, 978 (10 Cir. 1998)(stating that "Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.... It is not enough to say that the Minnesota facility lacked all relevant

statutes and case law or that the procedure to request specific materials was inadequate."); see also, Akins v. United States, 204 F.3d 1086 (11th Cir. 200)). Instead, a movant must come forward with evidence regarding the steps he took to diligently pursue his remedies during the time that he was deprived of access to legal materials. He has not done so here.

Thus, the movant's conclusory allegations regarding insufficient access to a law library do not justify equitable tolling.[4] The movant's failure to do so renders his argument for equitable tolling unpersuasive. See Gonzales v. Williams, 60 Fed.Appx. 245, 2003 WL 1384028 (10 Cir. 2003)(holding that finding that habeas petitioner was not entitled to equitable tolling of one-year limitations period on basis of lack of access to law library was not reasonably debatable, because petitioner offered no evidence regarding steps he took to diligently pursue remedies during time he was deprived of access to law library but relied solely on bare allegations of temporary denial of access without explaining his delay after he was transferred to a prison with legal materials). Thus, not only is equitable tolling not appropriate for the reasons alleged, but statutory tolling is also unwarranted.

In conclusion, the record does not support application of the equitable tolling doctrine or any other exception to the limitations period. Accordingly, the time-bar is ultimately the result of the petitioner's failure to timely and properly institute state postconviction proceedings then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on

---

[4]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

November 23, 2009, is untimely, the petitioner's claims challenging the lawfulness of his conviction and sentence are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits. As the Northern District of Florida aptly stated with regard to statutes of limitations:

> [A]lthough application of the statute of limitations might appear harsh, that is always the case with statutes of limitation. By definition, statutes of limitation preclude presentation of a plaintiff's or petitioner's claims on the merits. Harsh as they are, statutes of limitation serve important interests. And harsh as it might seem, statutes of limitation establish hard and fast deadlines, subject to tolling under various circumstances but not subject to being held inapplicable simply because a plaintiff or petitioner came close. *The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.*

(emphasis added). Turner v. Singletary, 46 F.Supp.2d 1238, 1240 (N.D.Fla. 1999). As was true in Turner, the harshness in the instant case is mitigated by the fact that it appears clear from full review of the record provided by the respondent that petitioner would not have been entitled to relief in this Court even had he filed his petition in a timely manner. Consequently, the petitioner would not be successful in this habeas corpus proceeding. See 28 U.S.C. §2254(d); See Williams v. Taylor, 529 U.S. 362 (2000). No fundamental miscarriage of justice will result in the dismissal of the instant petition as time-barred, as the petitioner claims.

### Exhaustion

Alternatively, even if the Court were to assume, without deciding, that this petition had been timely filed, it is due to be

9

dismissed because the claims raised herein have not been exhausted in the state forum and are thus not ripe for federal habeas corpus review. After full and careful review of the record and the habeas petition filed herein, it appears that the claims raised herein were never raised either on direct appeal or by way of a properly filed Rule 3.850 motion in the state forum.

It is beyond dispute that before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies; 28 U.S.C. §2254(b)(1), thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29-30 (2004)(<u>citing</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)(per curiam)(<u>quoting</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)); <u>Keinz v. Crosby</u>, 2006 WL 408686 (11th Cir. 2006).

Further, to provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. <u>Baldwin</u>, 541 U.S. at 29-30; <u>Duncan</u>, 513 U.S. at 365-366. <u>See also</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999). Thus, an applicant's federal writ of habeas corpus shall not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c).[5] In Florida, exhaustion is ordinarily

---

[5]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>   (A) the applicant has exhausted the remedies available in the courts of    the State; or
>   (B)(i) there is absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

accomplished on direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

A petitioner's claims or portions of claims that are not exhausted but would clearly be barred if returned to state court must be denied. Kelley v. Secretary for Dept. of Corr., 377 F.3d 1317, 1351 (11 Cir. 2004)("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."(internal quotation marks omitted)).

Here, it would be futile to dismiss the case to give the petitioner the opportunity to exhaust the subject claims because the two year limitations period for filing a proper Rule 3.850 motion has long expired. The unexhausted claims should, therefore, be treated as procedurally defaulted.[6] See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256

---

. . .

>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[6]A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).

F.3d 1135, 1138 (11 Cir. 2001). Pursuant to this doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Id., *citing*, O'Sullivan, 526 U.S. at 845-46.

Under the first exception, to establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11 Cir. 1999). See also Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, in essence, a petitioner must demonstrate that there is at least a reasonable probability that the outcome of the proceeding would have been different. See Crawford v. Head, 311 F.3d 1288, 1327-28 (11 Cir. 2002). A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent. See House v. Bell, 547 U.S. 518 (2006); Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847 (2004). The actual innocence exception to the unreviewability of procedurally defaulted claims is applied only in the rarest of cases; see Dretke, 541 U.S. at 392-93.[7] See Bousley v. United States, 523 U.S. 614 (1998), *quoting*, Schlup v.

---

[7]The Supreme Court has reiterated the standard to be applied to claims of actual innocence. See House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 2077 (2006)(citing Schlup v. Delo, 513 U.S. 298, 319-322, 324 (1995)). The Supreme Court noted that while the "standard is demanding and permits review only in the 'extraordinary' case", the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence." Id. (citations omitted). Accordingly, "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." Id. In the habeas context, "actual innocence" means factual innocence, not mere legal insufficiency. Bousley v. U.S., 523 U.S. 614, 623 (1998). The petitioner must support the actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324.

Delo, 513 U.S. 298, 327-328 (1995). No such showing has been made here.

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus be dismissed, as time barred, and/or alternatively dismissed for lack of exhaustion.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 13th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Marc Andre Fleurival, Pro Se
DC#22235
Franklin Correctional Institution
1760 Highway 67 North
Carrabelle, FL 32322

Helen C. Hvizd, Ass't Atty Gen'l
Office of the Attorney General
1515 North Flagler Drive, #900
West Palm Beach, FL 33401-3428